**William Hamilton GARTRELL,
Petitioner–Appellant,**

v.

**James A. LYNAUGH, Director Texas
Department of Corrections,
Respondent–Appellee.**

**Nos. 86–1662, 86–1663
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 7, 1987.

William H. Gartrell, pro se.

Jim Mattox, Atty. Gen., C. Rex Hall, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEE, RUBIN, and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The district court dismissed this habeas corpus petition for failure to exhaust state remedies because, although the petitioner's claim that his convictions rested on insufficient evidence was raised in state postconviction proceedings, the prisoner did not identify the constitutional due process implications of this claim. Because the state court did have a fair opportunity to apply the correct legal principles in the state action, we reverse and remand to the district court for consideration of the petitioner's claims.

I.

Mary Lynn Burnett was abducted by an armed man in Dumas, Texas. She was taken to a waiting car, where another man was sitting in the driver's seat. The armed man directed the driver to drive to the outskirts of town. In a rural area, the armed man raped Burnett and choked her until she lost consciousness. He then shot her. William Gartrell was indicted separately for aggravated kidnapping and attempted capital murder of Burnett. At each trial, Burnett identified Gartrell as the driver of the car. Gartrell was convicted in each trial and was sentenced to consecutive twenty-year sentences.

Gartrell applied for state writs of habeas corpus in both cases. He challenged his aggravated kidnapping conviction alleging that 1) the evidence was insufficient to support his conviction; 2) the trial court erred by denying his motion for an instructed verdict; and 3) his trial counsel was ineffective for failing to introduce the confession of Gartrell's codefendant, which allegedly would have exculpated Gartrell, and for failing to conduct an effective

cross-examination of the victim. Gartrell challenged his attempted capital murder conviction alleging that 1) the evidence was insufficient to support the conviction; 2) the trial court erred by denying his motion for a directed verdict; 3) the trial court erred by denying his motion to dismiss the indictment on the basis of double jeopardy because he had already been tried and convicted of aggravated kidnapping in connection with the same criminal transaction; and 4) the victim had perjured herself and the state had contributed to the perjury. The Texas Court of Criminal Appeals denied both applications.

Gartrell then filed separate federal habeas petitions seeking relief from each conviction. In each case, Gartrell raised the same issues he had presented in his corresponding state habeas applications. The state moved that both petitions be dismissed for failure to exhaust state remedies, contending that Gartrell's state applications for habeas relief did not frame the issues as constitutional violations and that therefore the state courts had not ruled on Gartrell's federal constitutional claims.

The district court referred both matters to a magistrate. In both cases, the magistrate concluded that Gartrell's claims that the evidence was insufficient to support the verdict and that the trial court had erred by failing to direct a verdict were not presented as federal constitutional claims to the state court and thus Gartrell had failed to exhaust state remedies as to these issues. In the proceeding relating to the aggravated kidnapping conviction, the magistrate also found that one of Gartrell's arguments that counsel was ineffective, in this instance for failing to conduct an effective cross-examination of the victim, was not asserted in any form in his state application. The district court adopted the magistrate's reports and dismissed Gartrell's pe-

titions for failure to exhaust state remedies.

## II.

Before seeking federal habeas corpus relief, the petitioner must exhaust available state remedies.[1] As the Supreme Court said in *Anderson v. Harless,* Section 2254 "requires a federal habeas petitioner to provide the state court with a 'fair opportunity' to apply *controlling legal principles* to the facts bearing upon his constitutional claim."[2] "It is not enough that all the facts necessary to support the federal claim were before the state courts, ... or that a somewhat similar state-law claim was made."[3]

The Court in *Harless* held that the state court had not been given a "fair opportunity" to address the petitioner's claims. The only authority the petitioner cited in state court rested entirely on state law, and the constitutional argument presented in federal court was not the same as the argument presented in state court, although it was somewhat related.[4]

Gartrell's claims that the trial court erred by denying his motions for directed verdicts merely state in different words his claims that the evidence is insufficient to support the convictions. Thus the critical issue is whether Gartrell has previously fairly presented his claims that the evidence is insufficient to support the convictions.

These claims were, indeed, fairly presented to the state courts. First, the federal and state standards applicable to Gartrell's claims are identical, not merely "somewhat similar" but different, as the Supreme Court described in *Harless.*[5] In *Jackson v. Virginia,*[6] the Supreme Court held that a federal habeas corpus petitioner is entitled to relief based on insufficiency of the evidence only when the evidence, viewed in

---

1. 28 U.S.C. § 2254(b) & (c).

2. 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (emphasis supplied) (quoting *Picard v. Connor,* 404 U.S. 270, 276–77, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971)).

3. *Id.* (citations omitted).

4. 459 U.S. at 7–8, 103 S.Ct. at 278.

5. 459 U.S. at 6–7, 103 S.Ct. at 277–78.

6. 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979).

the light most favorable to the prosecution, is such that no rational trier of fact could have found each of the essential elements of the crime beyond a reasonable doubt. In 1984, the Texas Court of Criminal Appeals adopted the *Jackson v. Virginia* standard for reviewing insufficiency of the evidence claims.[7] The state court denied Gartrell's habeas petitions after Texas had adopted the *Jackson* standard. Therefore, the state court had a fair opportunity to apply the controlling legal principles, which are the same under Texas and federal law, to the facts bearing on Gartrell's constitutional claims.

Second, Gartrell also cited authority that would direct the state court's attention to the federal constitutional implications of his claims. At numerous places in his memoranda, he relied on this court's decision in *Turner v. McKaskle,*[8] a case that expressly follows the *Jackson v. Virginia* constitutional standard for reviewing a claim of insufficiency of evidence. He cited *Turner* not merely for specific minor points in his argument, but also for the broad proposition that to uphold his conviction "would be to deny the presumption of innocence and establish a presumption of guilt in its stead."[9] Under these circumstances, the concerns that animated the Supreme Court in *Harless* are not present.

The district court also held that Gartrell had not raised in the state proceedings his claim that counsel at his kidnapping trial was ineffective for not effectively cross-examining the victim. The state record shows, however, that the issue was raised. See the State Record in 86–1662, I, 56.

For these reasons, the judgment of dismissal is vacated and the case is remanded for further proceedings.

7. *Jackson v. State,* 672 S.W.2d 801, 803 (Tex. Crim.App.1984) (en banc).
8. 721 F.2d 999 (5th Cir.1983).
9. *Id.* at 1001.