United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 27, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-20867

UNITED STATES OF AMERICA

Plaintiff-Appellee,

v.

JOSE R. ARGUELLAS, also known as Jose R. Arguelles,
also known as Brazil, also known as Raul,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas, Houston Division

(H-98-CV-2526)
(H-95-CR-112-10)

Before DEMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose R. Arguellas ("Arguellas"), federal prisoner # 42425-004, appeals the denial of his 28 U.S.C. § 2255 motion, in which he challenged his 1996 conviction on the ground

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

that his trial attorney rendered ineffective assistance of counsel by failing to inform him of a plea bargain offered by the Government. In conducting a paper hearing on Arguellas' claims, the district court relied heavily on the affidavit of the Assistant United States Attorney ("AUSA") who prosecuted Arguellas as well as the court's personal knowledge of that AUSA's credibility and competence. We granted a certificate of appealability ("COA") on the issue whether the district court abused its discretion in not granting a live evidentiary hearing before denying Arguellas' 28 U.S.C. § 2255 motion. See United States v. Arguellas, No. 02-20867 (5th Cir. Feb. 19, 2003)(unpublished). Because the record before the district court and the affidavit submitted by the AUSA do not conclusively negate Arguellas' allegations, and because the district court did not have personal knowledge of the conversations between Arguellas and his counsel or an opportunity during trial to observe Arguellas' credibility, we find that the district court's decision based on a paper evidentiary hearing was an abuse of discretion. Therefore, we vacate the district court's dismissal of Arguellas' 28 U.S.C. § 2255 motion and remand it for a live evidentiary hearing.

I.    BACKGROUND

Arguellas was convicted of conspiracy to possess with the intent to distribute five kilograms or more of cocaine in the United States District Court for the Southern District of Texas

after an eight-day jury trial.  He was sentenced at the top of the available guideline range to 365 months in prison.  This court affirmed the conviction on direct appeal.  See United States v. Ramirez, No. 96-20596 (5th Cir. Aug. 27, 1997)(unpublished).  Arguellas filed this 28 U.S.C. § 2255 motion raising numerous claims, including the claim that his now deceased trial counsel was ineffective for failing to communicate a Government plea offer.  In support of this contention, Arguellas filed his own affidavit.  This affidavit averred that after his trial counsel died, Arguellas' wife obtained the legal file pertaining to Arguellas' case.  In that file was a draft plea agreement, dated January 4, 1996, and under the terms of that agreement, Arguellas would have received a three-level adjustment in his base offense level in return for pleading guilty.  In addition, the agreement contained a promise on behalf of the Government that it would recommend Arguellas be sentenced at the bottom of the applicable guideline range.  Had Arguellas' accepted the Government's offer and pled guilty, the applicable guideline range would be 210 to 260 months of imprisonment.  Thus, had the district court followed the Government's recommendation, Arguellas would have received a sentence of 210 months, which would be approximately 155 months less than the sentence that Arguellas ultimately received.

Arguellas contends that had he known of the Government's proposed plea offer, he would have accepted it.  It is well-

3

recognized that a defense counsel has an ethical duty to keep his client informed, and this court has held that a failure to inform a defendant of a plea offer may amount to ineffective assistance of counsel.[2] Noting that the record is unlikely to indicate the content of all conversations between Arguellas and his trial counsel, and the conflict in the facts alleged by Arguellas and the Government in response to the 28 U.S.C. § 2255 motion, the magistrate judge recommended that the district court judge hold an evidentiary hearing on this ineffective assistance of counsel claim.[3] Finding deficiencies in Arguellas' affidavit and that the Government response to Arguellas' motion was drafted by an individual other than the AUSA who prosecuted Arguellas, the district court ordered Arguellas to correct those deficiencies and invited the prosecuting AUSA to respond to Arguellas' allegations. After receiving Arguellas' corrected and supplemental filings, the district court elected to conduct a paper hearing on Arguellas' ineffective assistance of counsel claim.

As part of the paper hearing by the district court, the record in this case was expanded to include: (1) a revised affidavit by Arguellas; (2) a supporting affidavit by Arguellas' wife; (3) a letter from Arguellas' deceased trial counsel's former law partner;

---

[2]See Teague v. Scott, 60 F.3d 1167, 1170 (5th Cir. 1995).

[3]All of the other claims raised by Arguellas in his 28 U.S.C. § 2255 motion were properly dismissed by the district court and are not considered as part of this appeal.

4

(4)an affidavit from the AUSA who prosecuted Arguellas; and (5)a copy of the purported plea agreement. The district court noted that there was nothing in the record to support Arguellas' contention other than his own self-serving affidavit testimony. The district court also noted that several facts regarding the plea negotiations alleged by the AUSA in his affidavit were supported by contemporaneous record documents. Thus, the district court denied Arguellas' 28 U.S.C. § 2255 motion, relying on the detailed affidavit submitted by the AUSA, which was often supported by other documents in the record, the court's personal knowledge of the AUSA's general professionalism and credibility, as well as case law that discounts self-serving post-conviction testimony that an inmate would have accepted a plea.[4]

On appeal, Arguellas argues that the district court erred in relying on the AUSA's affidavit because the AUSA only states his belief that Arguellas' trial counsel told Arguellas about the plea offer. Moreover, Arguellas points out that the AUSA specifically admits that he did not overhear Arguellas' counsel tell Arguellas about the offer. Thus, Arguellas argues that it was improper for the district court to rule based on the AUSA's beliefs, despite the AUSA's perceived credibility, in light of Arguellas' direct assertion that his trial counsel never told him about the plea

---

[4]See Mem. Op. and Order, R. 391 (citing Peters v. United States, 159 F.3d 1043, 1047 (7th Cir. 1998); United States v. Gordon, 156 F.3d 376, 381 (2d Cir. 1998)).

5

offer.

## II.  ANALYSIS AND CONCLUSION

In this case, it is undisputed that a trial counsel's failure to advise a criminal defendant of a Government plea offer could amount to ineffective assistance of counsel.  See Teague, 60 F.3d 1170.  The issue is whether the district court abused its discretion in resolving a disputed fact without a live evidentiary hearing in denying Arguellas' 28 U.S.C. § 2255 motion.

A district court may deny a 28 U.S.C. § 2255 motion without conducting any type of evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  See 28 U.S.C. § 2255;  United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).  Additionally, there is no requirement in the language of 28 U.S.C. § 2255 that the district court conduct a live hearing with the prisoner present when an evidentiary hearing is required to rule on 28 U.S.C. § 2255 motion.  See 28 U.S.C. § 2255 ("A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.");  Marchibroda v. United States, 368 U.S. 487, 495-96, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962);  Sanders v. United States, 373 U.S. 1, 20-21, 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1963).  In those cases, however, where the record does not conclusively negate a prisoner's entitlement to relief, contested fact issues may not be decided on affidavits alone.  See Owens v. United States, 551 F. 2d

6

1053, 1054 (internal citations omitted).

In this case, the district court relied heavily on the content of the AUSA's affidavit and its personal knowledge of the AUSA's general credibility in making the determination that Arguellas was not entitled to relief. While it is true that many of the facts alleged by the AUSA in his detailed affidavit are supported by documents in the record, Arguellas' assertion that he was not informed by his counsel about the plea offer is neither conclusively rebutted by the AUSA's rendition of the facts nor negated by the record. The AUSA admits that he never overheard Arguellas' counsel discuss the plea agreement with Arguellas. Moreover, the AUSA stated during a pretrial conference on January 12, 1996 that Arguellas' counsel had not yet discussed with Arguellas the terms of the January 4, 1996 plea agreement when the AUSA asked for a continuance of the trial.[5] Because the content of the discussions between counsel and Arguellas were not in the record before the district court and the district court had no occasion to observe Arguellas' credibility during trial or otherwise, a live evidentiary hearing is necessary to dispose of Arguellas' 28 U.S.C. § 2255 motion where there is a disputed fact as to the content of those conversations. See Owens, 551 F.2d at 1054. We therefore vacate the district court's judgment denying

---

[5]See Tr. at pgs. 8-10, R. 186. The record does not reflect whether Arguellas was present at this hearing.

7

relief under 28 U.S.C. § 2255 and remand for a live evidentiary hearing.

VACATED AND REMANDED