# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 21, 2013

No. 11-31121

Lyle W. Cayce
Clerk

JAMAAL R. JOHNSON,

Petitioner - Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana

Before DAVIS, GRAVES, and HIGGINSON, Circuit Judges.

HIGGINSON, Circuit Judge:

Federal habeas petitioner Jamaal R. Johnson argues on appeal that his trial attorney interfered with his federal constitutional right to testify at his state trial for armed robbery and felon in possession of a firearm. Because Johnson disclaimed that argument during state habeas proceedings, we AFFIRM the district court's dismissal of his § 2254 petition as unexhausted.

## FACTS AND PROCEEDINGS

Johnson was found guilty after a jury trial in Louisiana court of three counts of armed robbery and one count of felon in possession of a firearm. He was sentenced as a habitual offender to life imprisonment on the first armed

No. 11-31121

robbery count, concurrent terms of 65 years' hard labor on the remaining two armed robbery counts, and a concurrent term of 15 years' hard labor on the felon-in-possession count. *State v. Johnson*, 951 So. 2d 294, 297 (La. Ct. App. 2006). His convictions and sentences were affirmed on direct appeal. *Id.* at 304.

In his state habeas petition, Johnson argued that his trial counsel interfered with his right to testify at trial. Nineteenth Judicial District Court Commissioner John M. Smart, Jr. recommended that the state habeas court grant Johnson a new trial on that basis. In response, the State of Louisiana filed a traversal[1] to the commissioner's recommendation requesting that the state habeas court summarily dismiss Johnson's habeas petition, or, in the alternative, conduct an evidentiary hearing on his right-to-testify claim. After conducting an evidentiary hearing on that issue, the state habeas court denied Johnson relief on his Louisiana right-to-testify claim, concluding that he failed to make the showing required under *State v. Hampton*, 818 So. 2d 720 (La. 2002). The state habeas court did not evaluate whether Johnson was deprived of his federal constitutional right to testify. The Louisiana Court of Appeal for the First Circuit and Louisiana Supreme Court denied supervisory writs.

In his federal habeas petition, filed pursuant to 28 U.S.C. § 2254, Johnson re-asserted his right-to-testify claim. The State of Louisiana moved to dismiss Johnson's habeas petition on the grounds that the district court lacked jurisdiction to hear the claim because it was based on an alleged violation of state law, and reasoned, in the alternative, that even if Johnson's right-to-testify claim were based on an alleged violation of federal law, it was unexhausted, and thus procedurally defaulted, because it was not fairly presented to the Louisiana courts. On referral from the district court, Magistrate Judge Christine Noland

---

[1] Under Louisiana law, any party may "traverse" the findings and recommendations of a commissioner within ten days after transmittal of the proposed findings and recommendations. LA. REV. STAT. § 13:713(C)(3).

2

issued a report and recommendation recommending that Johnson's federal habeas petition be dismissed with prejudice for failure to exhaust the federal claim in Louisiana courts. Over Johnson's objections, the district court adopted the report and recommendation, and dismissed the habeas petition with prejudice. Johnson timely appealed, and we granted him a certificate of appealability on the issue of whether the district court erred in concluding that his federal right-to-testify claim was unexhausted and procedurally defaulted.

## STANDARD OF REVIEW

Whether a federal habeas applicant has exhausted state remedies is a question of law we review *de novo. Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005).

## DISCUSSION

A federal habeas petition filed by a state prisoner shall not be granted unless the prisoner exhausts available state remedies. 28 U.S.C. § 2254(b)(1)(A); *Morris*, 413 F.3d at 490. The exhaustion requirement is satisfied when the substance of the federal claim is "fairly presented" to the highest state court on direct appeal or in state post-conviction proceedings, "even if the state court fails to address the federal claim," *Soffar v. Dretke*, 368 F.3d 441, 467 (5th Cir. 2004), or, if the federal claim is not fairly presented but the state court addresses it *sua sponte, Jones v. Dretke*, 375 F.3d 352, 355 (5th Cir. 2004).

A claim is fairly presented when the petitioner "asserts the claim in terms so particular as to call to mind a specific right protected by the Constitution or alleges a pattern of facts that is well within the mainstream of constitutional litigation." *Kittelson v. Dretke*, 426 F.3d 306, 315 (5th Cir. 2005) (per curiam) (internal quotation marks omitted). "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)); *see also Duncan v.*

No. 11-31121

*Henry*, 513 U.S. 364, 366 (1995) (per curiam) (holding that petitioner did not fairly present federal due process claim by bringing a "somewhat similar" but doctrinally distinct "miscarriage of justice" claim under the California Constitution); *Gartrell v. Lynaugh*, 833 F.2d 527, 529 (5th Cir. 1987) (holding that petition presenting state-law sufficiency challenge fairly presented a federal sufficiency challenge because "the federal and state standards applicable to [petitioner]'s claims are identical, not merely 'somewhat similar'"). "Rather, the petitioner must afford the state court a 'fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2004) (quoting *Anderson*, 459 U.S. at 6).

In his *pro se* state habeas petition, Johnson characterizes his first claim as a "denial of the right to testify" protected by the Louisiana and United States Constitutions. In an opening section entitled "The Constitutional Right to Testify In One's Own Behalf," he derives the federal right to testify from the Fifth Amendment's privilege against self-incrimination; the Sixth Amendment's right to compulsory process; and the Fourteenth Amendment's right to due process, citing as authority *Rock v. Arkansas*, 483 U.S. 44 (1987). He goes on to explain that the federal right to testify is violated when defense counsel compels a criminal defendant to remain silent, citing as authority *United States v. Teague*, 953 F.2d 1525 (11th Cir. 1992) (en banc). In the next section entitled "The Standard for Louisiana," he turns to the Louisiana right to testify, which is guaranteed under Article I, Section 16 of the Louisiana Constitution and governed by the framework announced in *State v. Hampton*, 818 So. 2d 720 (La. 2002).[2]    Johnson concludes this section by noting, incorrectly, that "[t]he

---

[2] Under *Hampton*, a defendant's silence at trial creates a presumption that he voluntarily waived the right to testify, which can be rebutted by (1) alleging specific facts from which the court could reasonably find that trial counsel told the defendant that he was legally forbidden to testify or otherwise compelled him to remain silent, and (2) demonstrating from the record that those specific factual allegations would be credible. 818 So. 2d at 729–30. By

jurisprudence of both the U.S. Supreme Court and the La. Supreme Court is well-settled in that the denial of a fundamental rights is not amendable to harmless error."[3]  In the ensuing section entitled "Argument," Johnson maintains that he unequivocally communicated his desire to testify to defense counsel, who refused to allow him to take the stand and mislead him into believing that the decision was counsel's to make.  Such facts, he contends, "rebut[] the presumption [established in *Hampton*] that he waived his right to testify" and entitle him to relief.  Johnson concludes by specifying that his petition "relies on the Louisiana Supreme Court's holding in *State v. Hampton*, 818 So.2d 720 and *State v. Dauzart*, 769 So.2d 1210"—Louisiana cases articulating the standard governing the Louisiana right to testify—"for a reversal of his conviction and sentence."  In summary, it appears as though Johnson initially intended to bring both federal and state claims for denial of the right to testify; erroneously assumed that the two rights were co-extensive; and, proceeding under that assumption, applied his facts under the Louisiana standard only.

Although precedent suggests that Johnson fairly presented his federal right-to-testify claim in his state habeas petition,[4] we need not resolve that issue

---

contrast, claims of attorney interference with the federal right to testify are governed by the standard announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *United States v. Mullins*, 315 F.3d 449, 452–53 (5th Cir. 2002).  To prevail under *Strickland*, a petitioner must establish that his counsel's performance was deficient, and the deficient performance prejudiced his defense. *Id.* at 453.  It is deficient performance as a matter of law for defense counsel "to override the ultimate decision of a defendant to testify contrary to his advice." *Id.* Conversely, "when the record is simply that the defendant knew of his right to testify and wanted to do so but counsel was opposed, [and the] defendant acquiesced in his lawyer's advice, . . . the only inquiry is whether that advice was sound trial strategy." *Id.* at 453–54.

[3] Although the United States Supreme Court has characterized the federal right to testify as "fundamental," *Rock*, 483 U.S. at 53 n.10, claims involving attorney interference with that right are subject to harmless error review, *Mullins*, 315 F.3d at 452–53.  Conversely, the denial of the Louisiana right to testify is structural error. *Hampton*, 818 So. 2d at 729.

[4] The Supreme Court has instructed, albeit in *dictum*, that labeling a claim as federal, citing the federal source of that claim, or referencing a case deciding such a claim on federal grounds—all of which Johnson did here—is enough to satisfy the fair presentment

because even if he did so, the record reflects that he twice disclaimed that argument, first at the state evidentiary hearing and, later, in his application for supervisory writs to Louisiana's First Circuit Court of Appeal.  At the evidentiary hearing, Johnson's counsel reiterated that Johnson's right-to-testify claim was based on *Hampton*, and *Hampton* alone: "The law on this is pretty clear, *Hampton*. Okay?"  Specifically commenting on the State's recitation, in its traversal, of the *Strickland* standard governing the federal right to testify, counsel underscored that Johnson's right-to-testify claim "has nothing to do with the federal jurisprudence that the state has disclosed in their various papers they have filed."  Likewise, in his application for supervisory writs to the First Circuit Court of Appeal, Johnson again emphasized, "The application at bar is not based upon a claim of ineffective assistance of counsel nor is it subject to a harmless error analysis.  The propriety of [trial counsel]'s trial tactics therefore has no bearing on the required analysis in this matter."

We were presented with a similar set of facts in *Daniel v. Cockrell*, 283 F.3d 697 (5th Cir. 2002), *abrogated on other grounds by Glover v. United States*, 531 U.S. 198 (2001).  There, a Texas prisoner brought an ineffective assistance claim in his state habeas petition. *Id.* at 701.  At the time, Texas did not require a showing of prejudice to establish ineffective assistance of counsel, so the state

---

requirement of AEDPA's exhaustion bar:

> A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004).  Following *Baldwin*, we have demanded less of state habeas petitioners seeking to raise a federal claim, exemplified by *Taylor v. Cain*, 545 F.3d 327 (5th Cir. 2008), where we deemed a claim fair writ and presented although the petitioner "did not label his claim as a federal constitutional one," because "his brief made the type of arguments that support a Confrontation Clause claim" and he cited two Louisiana cases mentioning the federal confrontation right. *Id.* at 333–34; *see also Kittelson v. Dretke*, 426 F.3d 306, 316–17 (5th Cir. 2005) (holding that petitioner fairly presented federal confrontation and due process claims by invoking those concepts and citing the Sixth and Fourteenth Amendments).

No. 11-31121

and federal rights, though parallel, were not co-extensive. *Id.* Although it appears that nothing prevented the petitioner from bringing state and federal ineffective assistance claims, he asserted only the state claim and "specifically disclaimed reliance on the federal ineffective assistance of counsel standard." *Id.* After his state habeas petition was denied on the merits, petitioner sought to bring a federal ineffective assistance claim on federal habeas review. *Id.* The district court dismissed his habeas petition as unexhausted, and we affirmed, on the ground that petitioner never fairly presented a federal ineffective assistance claim to the Texas courts. *Id.*

We held in *Daniel*, and now reiterate, that a state habeas petitioner's disclaimer of an argument has the same effect as his failure to raise it in the first place. *Id.* The exhaustion requirement "reflects a policy of federal-state comity . . . designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). By disclaiming reliance on a potential ground for habeas relief, a state habeas petitioner signals to the state courts that they need not pass judgment upon it. Allowing the petitioner to revive that claim in a federal habeas petition, without giving the state courts the initial opportunity to review it, would be inconsistent with comity interests and would subvert the primary purpose of the exhaustion requirement. *Daniel*, 283 F.3d at 697.

Johnson argues that it would be unfair to require a state habeas petitioner to bring a *Strickland* claim during state habeas proceedings to preserve that claim for federal habeas review:

> A defendant denied the right to testify by his trial counsel would have to raise the lesser *Strickland* argument to preserve the right to federal relief and forgo the greater Louisiana protection of *Hampton*, or, argue for the greater protection of *Hampton* and then face, as Johnson, the claim of unexhaustion and procedural default.

7

No. 11-31121

But, as the State of Louisiana points out, it is not an either-or proposition. Nothing prevented Johnson from asserting that his trial counsel's conduct violated the Louisiana Constitution, under *Hampton*, and the Sixth Amendment to the United States Constitution, under *Strickland*. Post-conviction relief is available under Louisiana law when "[t]he conviction was obtained in violation of the constitution of the United States *or* the state of Louisiana." LA. CODE CRIM. PROC. art. 930.3(1) (emphasis added).

Where, as here, "a prisoner fails to exhaust state remedies and the court to which the prisoner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred due to the prisoner's own procedural default,"[5] we are barred from reviewing those claims unless the petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice." *Woodfox v. Cain*, 609 F.3d 774, 793 (5th Cir. 2010) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)) (internal quotation marks omitted); *see also Hughes v. Dretke*, 412 F.3d 582, 592 (5th Cir. 2005) (clarifying that not just any cause will excuse default; a petitioner must show "good cause").

Johnson lacks good cause for the default because the record reflects that he and his state habeas counsel were on notice that the federal and state rights to testify had different scopes and were governed by different standards, but elected to bring a state ineffective assistance claim and to forgo a federal ineffective assistance claim in order to focus the court's attention on the more

---

[5] Absent certain exceptions not available here, an application for post-conviction relief may not be considered by a Louisiana court if it is filed more than two years after the judgment of conviction and sentence has become final. LA. CODE CRIM. PROC. art. 930.8(A). Because Johnson's convictions and sentences became final in January 2007, he is barred from now filing a successive state habeas petition asserting a federal right-to-testify claim.

expansive state right and the easier-to-satisfy *Hampton* standard.[6] *See Wiley v. Puckett*, 969 F.2d 86, 102 (5th Cir. 1992).    Johnson likewise has not demonstrated that failure to consider his federal ineffective assistance claim would result in a fundamental miscarriage of justice: he does not disclose the subject of his proposed testimony and gives us no reason to believe that such testimony would have changed the trial's outcome.    And, as Johnson's trial attorney stated under oath at the state evidentiary hearing, he advised Johnson not to testify because he perceived that they had a strong case without Johnson's testimony and surmised that Johnson would "absolutely not" have made a good witness in light of his inculpatory statements to the police and his three prior felony convictions for armed robbery.    Taking everything into consideration, our confidence in the jury's verdict against him remains intact.

## CONCLUSION

For the foregoing reasons, we conclude that Johnson's federal habeas petition is unexhausted and procedurally barred, and that Johnson has failed to demonstrate good cause for the default or that failure to consider his federal ineffective assistance claim would result in a fundamental miscarriage of justice. AFFIRMED.

---

[6] The Nineteenth Judicial District Court of Texas denied Johnson post-conviction relief on his *Hampton* claim on the basis of its factual finding that Johnson initially wanted to testify and anticipated doing so, but, after being advised against it by his attorney, deferred to his attorney's judgment; and its corresponding legal conclusion that the record did not disclose "sufficient credible proof that the petitioner was forbidden or prohibited from testifying."