# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60020

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBERT C. ARLEDGE,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:10-CV-50

Before KING, JOLLY, and COSTA, Circuit Judges.

PER CURIAM:*

This appeal arises from the denial of defendant Robert Arledge's motion for relief under 28 U.S.C. § 2255.  Arledge alleges that two of his four trial counsel, Karl Koch and Robert McDuff, provided ineffective assistance at trial. The district court denied Arledge's motion without an evidentiary hearing.  We granted a certificate of appealability on a limited question related to Arledge's ineffective-assistance-of-counsel claims:  whether the district court abused its

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2015

Lyle W. Cayce
Clerk

No. 13-60020

discretion by denying § 2255 relief without a hearing.  We find no abuse of discretion and affirm.

## I.

In the underlying merits trial, Arledge was charged in a 34-count indictment with conspiracy and fraud for his involvement in filing fraudulent claims to recover from the settlement funds created to compensate victims of the diet drug known as Fen Phen.  At trial, Arledge (an attorney) had four counsel assisting in his defense:  Karl Koch, Robert McDuff, Michael Winfield, and William Kirksey.[1]

After an eight-day trial, a jury found Arledge guilty of one count of conspiracy, four counts of mail fraud, and two counts of wire fraud.  The jury found him not guilty of one count of wire fraud and sixteen counts of money laundering.  The district court dismissed with prejudice the remaining counts against Arledge.  This Court affirmed the convictions and sentences.  *See United States v. Arledge*, 553 F.3d 881 (5th Cir. 2008).

Now on appeal before us is Arledge's *pro se* motion under 28 U.S.C. § 2255 challenging his conviction.  Arledge contends that two of his four trial counsel, Koch and McDuff, provided ineffective assistance at trial.[2]  Arledge contends that favorable evidence and witnesses were known and available at trial and that, if a defense based on this evidence and testimony had been presented, the jury would have found him not guilty.  Arledge also claims that he sought to testify in his own behalf but that two of his trial counsel would

---

[1] Arledge had one additional counsel who withdrew shortly before trial.

[2] Arledge's § 2255 motion raised other claims for relief; however, this Court did not issue a certificate of appealability for those claims.  Thus, we do not consider those claims on appeal.  *See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255.").

2

not allow him to take the stand. According to Arledge, counsel Koch and McDuff's failure to present a case-in-chief, including their failure to allow Arledge take the stand, constituted ineffective assistance warranting relief under § 2255.

After considering the evidence—including Arledge's sworn § 2255 motion and affidavits from his four trial attorneys, Arledge's wife, and a trial observer—the district court judge, who had presided over the underlying trial, denied Arledge's § 2255 motion without conducting an evidentiary hearing. This Court granted a certificate of appealability on the narrow issue of whether the district court abused its discretion in denying Arledge's ineffective-assistance-of-trial-counsel claims without an evidentiary hearing.

## II.

If a § 2255 motion is "not dismissed, the judge must review the answer, any transcript and records of [prior] proceedings, and any materials submitted . . . to determine whether an evidentiary hearing is warranted." Rule 8 of the Rules Governing Section 2255 Proceedings; *see also United States v. Cavitt*, 550 F.3d 430, 441-42 (5th Cir. 2008). We review a district court's decision to resolve a § 2255 motion without an evidentiary hearing for abuse of discretion. *See United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006).[3]

After reviewing the motion, files, and records of the case, we find no abuse of discretion in the district court's decision to deny Arledge's claims without an evidentiary hearing. No hearing was necessary because, in

---

[3] To establish abuse of discretion in the denial of an evidentiary hearing, a petitioner "must present independent indicia of the likely merit of his allegations." *Cavitt*, 550 F.3d at 442 (quotation marks omitted). "Once such independent evidence is presented, 'a motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.'" *Id.* (quoting *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)).

substantial part, the same district court judge who resolved Arledge's § 2255 motion, and who would have heard, or reheard, the evidence at a § 2255 evidentiary hearing, was assigned to this case from the time when Arledge was indicted and has continued to be involved and present for all aspects of the case since that time.  The district court judge was familiar with the qualifications and conduct of Arledge's trial counsel.  And, while presiding over the eight-day merits trial, he saw the government's presentation of its case-in-chief and observed Arledge's counsel thoroughly attack the government's case through cross-examination.  Given the breadth of the presiding judge's familiarity with the evidence, testimony, and trial strategy, he was well-positioned during the § 2255 proceeding to make an ultimate determination—based on the papers and his experience with the case—on whether Arledge's counsel rendered constitutionally ineffective assistance when they chose not to present a defense-in-chief or put Arledge on the stand.

Arledge contends, however, that the district court could neither discredit his affidavits and sworn § 2255 motion, nor credit the contradictory affidavits of Koch and McDuff, without first conducting an evidentiary hearing.  We cannot agree.  When deciding whether an affidavit supporting a § 2255 motion may be discredited or given less weight without an evidentiary hearing, this Court has looked to factors such as whether an affidavit is speculative, conclusory, plainly false, or contradicted by the record.  *See United States v. Reed*, 719 F.3d 369, 374 (5th Cir. 2013).  We have also considered (1) whether a dueling affidavit "conclusively negates" the movant's allegations, (2) whether the district court had "personal knowledge" of the facts discussed in the affidavits or "an opportunity during trial to observe [the affiant's] credibility," and (3) whether the district court had "personal knowledge" of an affiant-lawyer's "general credibility."  *See United States v. Arguellas*, 78 F. App'x 984, 985-87 (5th Cir. 2003).  Given these many considerations, a district court need

not automatically conduct an evidentiary hearing whenever there are "competing affidavits." The district court certainly has more leeway than that; it can use its own knowledge of the record, its observations from trial, its prior experience with the parties and counsel, and clear contradictions between an affidavit and other record documents to determine whether the § 2255 movant is entitled to "no relief." Of course, that decision is subject to our review for abuse of discretion.

From its thorough order in this case, it appears that the district court performed its task in an exemplary manner and properly exercised its discretion when denying an evidentiary hearing. The court considered Arledge's arguments, credited them where not contradicted clearly by the record, and concluded that Arledge had not established prejudice sufficient to sustain his ineffective-assistance claim. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (requiring that a petitioner show "that he was prejudiced by his attorney's substandard performance").

In this connection, the district court determined that the documents and testimony Arledge contends should have been submitted at trial are inconclusive and fail to show that Arledge had no financial interest in the settlement fund.[4] The court also observed that Arledge's argument that the case was so complicated that it could not be easily comprehended bolsters the advice given to Arledge that presenting the defense would have confused—not assisted—the jury. The district court further concluded that Arledge failed to identify what specific evidence or testimony would have aided his case if presented at trial. The district court thus concluded that Arledge had not met his high burden to show that there is a reasonable probability that the outcome

---

[4] The district court also stated that Arledge inaccurately represented the evidence available to his trial team.

would be different if the asserted defense had been presented. *See Strickland*, 466 U.S. at 695 (To prove prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). We find nothing in the record or briefing to suggest any error in the district court's conclusion that Arledge was not prejudiced by his counsel's failure to let him testify or present a defense-in-chief.[5] There being no material evidence in dispute to challenge the district court's finding with respect to the prejudice prong of *Strickland*, the district court did not abuse its discretion in denying Arledge's § 2255 motion without an evidentiary hearing.

### III.

Because the district court did not abuse its discretion in dismissing Arledge's Sixth-Amendment claims without holding an evidentiary hearing, we AFFIRM the denial of Arledge's § 2255 motion. Arledge's motion for leave to file a supplemental appendix is DENIED.[6] Accordingly, the judgment of the district court is

AFFIRMED.

---

[5] Preventing one's client from testifying at his criminal trial constitutes deficient performance under *Strickland*. *See United States v. Mullins*, 315 F.3d 449, 453-56 (5th Cir. 2002). The analysis, however, does not end there. Courts must also determine whether such performance was prejudicial. *See id.* at 456-57 (concluding that not allowing the defendant to take the stand was "sound trial strategy" and thus not prejudicial under *Strickland*); *see also Johnson v. Cain*, 712 F.3d 227, 232 n.3 (5th Cir.) (noting that counsel's interference with a defendant's right to testify is subject to harmless error review), *cert. denied*, 134 S. Ct. 431 (2013).

[6] Arledge seeks to introduce documents that were not presented to the district court. This Court cannot consider such evidence, as it is not part of the record. *See* Fed. R. App. P. 30(a); *see also* Fed. R. App. P. 10(a) (enumerating items that constitute the "record"); *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999) ("An appellate court may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of the challenged ruling.").