# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2020

Lyle W. Cayce
Clerk

No. 18-10624

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HERBERT PHILIP ANDERSON, *also known as* ANDY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-192

Before HIGGINBOTHAM, ELROD, and HAYNES, *Circuit Judges*.
PER CURIAM:[*]

Herbert Philip Anderson appeals the district court's denial of his request for an evidentiary hearing. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 18-10624

## I.  Background

Anderson was convicted of money laundering and taking part in a methamphetamine conspiracy.  *See United States v. Holt*, 493 F. App'x 515, 517 (5th Cir. 2012).  On direct appeal, we determined that the evidence was sufficient to support the convictions.  *See id*. at 518–21. Accordingly, we affirmed Anderson's convictions and his sentence.  *Id*. at 524.

Anderson then filed a § 2255 application in which he argued, among other things, that the Government had obtained his conviction by knowingly using false testimony at trial.  Anderson claimed that "a trio of key government witnesses joined together to create false testimony directly implicating" him.[1]  To support his claim, Anderson submitted several statements from his fellow prisoners and co-defendants.  A more complete description of the allegations is contained in our opinion on the first appeal in the § 2255 case.[2]  *See United States v. Anderson*, 712 F. App'x 383, 387-88 (5th Cir. 2017) (*Anderson I*).

The district court denied Anderson's § 2255 motion without a hearing.  The district court did not decide whether any trial testimony was actually false; it determined only that there was no basis to conclude that the Government *knew* any testimony was false, as is necessary to state a due process claim.

Anderson appealed the district court's denial of his § 2255 motion, and we granted a Certificate of Appealability ("COA") on two issues: (1) a claim of ineffective assistance of appellate counsel and (2) a claim that the

[1] The three witnesses in question were Coleman, Adams, and Roger Flittie.

[2] Our original opinion regarding the direct appeal spent only two paragraphs on Adams's testimony regarding an alleged drug discussion at which Anderson allegedly participated.  *Holt*, 493 F. App'x at 517-18.

No. 18-10624

"Government knowingly used material, perjured testimony." We affirmed the denial of the claim for ineffective assistance of counsel; however, we remanded the false testimony claim to the district court "to determine whether an evidentiary hearing [wa]s required in light of the new evidence." *Id.* at 388. The "new evidence" was a January 2016 handwritten letter from Steven Adams as to which we granted Anderson's motion to supplement the record.[3] *See id.* at 387 n.4. Adams was one of the witnesses against Anderson at his trial. *See id.* at 388. At that trial, a 2009 exculpatory letter from Adams was explained as having been requested by Anderson. *Id.* In the original § 2255 proceeding, a deposition witness contended that Adams had "come up" with a "story" at trial at the Government's request. *Id.* In remanding, we explained that we were not making a determination on the merits; "[n]or d[id] we make any determination of whether an evidentiary hearing [wa]s warranted." *Id.*

On remand, the district court considered only "whether the [2016] letter would have changed the court's conclusion that [Anderson] was not entitled to an evidentiary hearing[.]" *Anderson v. United States*, No. 4:09-CR-115-A, 2018 WL 1947048, at *2 (N.D. Tex. Apr. 24, 2018) (*Anderson II*). It determined, on the face of the record, "[t]he conclusory allegations made in the letter [were] . . . wholly incredible and d[id] not entitle [Anderson] to an evidentiary hearing." *Id.* at *5. The district court ultimately denied a COA. Anderson timely appealed.

---

[3] In the 2016 letter, Adams stated the 2009 letter, which claimed that Anderson was not involved in the drug transactions, was truthful. According to the letter, an Assistant U.S. Attorney had "coached" Adams "on how [to] implicate [Anderson] on being present and involved in a drug deal at [Gerry's] with Medina." Adams wrote that he had "made up this story" because he had been promised leniency.

No. 18-10624

## II.    Jurisdiction and Standard of review

In this second appeal, we granted a COA on two issues: (1) whether the district court abused its discretion by failing to hold an evidentiary hearing, and (2) whether, if a remand is required, the case should be reassigned to another district judge. We have jurisdiction under 28 U.S.C. § 2253 to review the district court's order with respect to those issues. We review the district court's denial of a § 2255 motion, without an evidentiary hearing, for an abuse of discretion. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

## III.    Discussion

Anderson argues that the district court abused its discretion by not holding an evidentiary hearing. We reject this argument.

A district court may forgo an evidentiary hearing in deciding a § 2255 motion "only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam). When facts are at issue in a § 2255 proceeding, a hearing is required if (1) the record, as supplemented by the trial court's personal knowledge or recollection, does not conclusively negate the facts alleged in support of the claim for § 2255 relief, and (2) the movant would be entitled to postconviction relief as a legal matter if his factual allegations are true. *Friedman v. United States*, 588 F.2d 1010, 1014–15 (5th Cir. 1979) (per curiam).

"To establish a due process violation based on the government's use of false or misleading testimony, [Anderson] must show that (1) the testimony in question was actually false; (2) the testimony was material; and (3) the prosecution had knowledge that the testimony was false." *United States v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004).

Contested factual issues generally may not be decided on affidavits alone. *See Montgomery v. United States*, 469 F.2d 148, 150 (5th Cir. 1972) (per curiam); *United States v. Arguellas*, 78 F. App'x 984, 986–87 (5th Cir. 2003) (per curiam). However, we have previously made clear that a district court does not have to assess evidence in a vacuum and can "use its own knowledge of the record, its observations from trial, its prior experience with the parties and counsel, and clear contradictions between an affidavit and other record documents to determine whether the § 2255 movant is entitled to 'no relief.'" *United States v. Arledge*, 597 F. App'x 757, 759 (5th Cir. 2015) (per curiam). This process was employed by the district court here.

The district court highlighted numerous questions about the 2016 letter's origin, timing, and authenticity, none of which Anderson addressed. *Anderson II*, No. 4:09-CR-115-A at *2. The district court then held that, even taking the 2016 letter at face value, the substance of the letter would not entitle Anderson to relief. *Id.* The 2016 letter only said that Adams had invented a story about "being present and involved in a drug deal at [Gerry's] with Medina"; it did "not say that any of the rest of Adams' trial testimony was false." *Id.*

The district court thus surmised that the 2016 letter did not recant Adams's trial testimony that Adams drafted the 2009 letter because he thought it would help him make bail and because Anderson had "promised to look out" for him. *Id.* at *3. The district court also determined that the 2016 letter "add[ed] nothing to the previously considered § 2255 materials, which [were] hearsay, conclusory, and unsupported." *Id.* at *4. In doing so, the court noted that "none of the so-called declarants [in the § 2255 exhibits] testified at trial," so there was no reason to believe them or to consider them "reliable third persons." *Id.*

Moreover, the district court cited objective record evidence corroborating Adams's trial testimony that, during the relevant time frame, Anderson was at Gerry's at the same time as Gerry, Medina, and Adams. *Id.* at *3. The district court also noted that Adams's trial testimony was "confirmed by the facts to which Adams stipulated in his factual resume." *Id.*

We remanded this case so the district court could determine whether Adams's 2016 letter warranted an evidentiary hearing. *Anderson I,* 712 F. App'x at 388. The district court exercised its discretion to hold that the letter did not entitle Anderson to such a hearing. Under the particular circumstances of this case, we conclude the district court did not abuse its discretion.

Accordingly, we AFFIRM the district court's judgment.[4]

---

[4] As a result, we need not address Anderson's second argument—that his case should be reassigned to another judge on remand.